**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 22 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BAKHSISH SINGH, | No. 14-73466 |
| Petitioner, | Agency No. A200-939-629 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 14, 2016[**]

Before:    BEA, WATFORD, and FRIEDLAND, Circuit Judges.

Bakhsish Singh, a native and citizen of India, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT").   We have

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.   *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Jiang v. Holder*, 754 F.3d 733, 738 (9th Cir. 2014). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on the discrepancies between Singh's credible fear interview, his supplemental declaration, and his supporting affidavits as to whether he was detained or threatened with detention by police, and Singh's non-responsiveness when asked to explain the discrepancies. *See Shrestha v. Holder*, 590 F.3d 1034, 1048 (9th Cir. 2010) (adverse credibility determination reasonable under the "totality of circumstances"). We reject Singh's contention that the agency erred by relying in part on his credible fear interview. *See Li v. Ashcroft*, 378 F.3d 959, 962-63 (9th Cir. 2004). We also reject his contentions that the BIA failed to consider his arguments on appeal or ignored evidence. In the absence of credible testimony, Singh's asylum and withholding of removal claims fail. *See Jiang*, 754 F.3d at 740.

Singh's CAT claim also fails because it is based on the same testimony the agency found not credible, and he does not point to any evidence that compels the finding it is more likely than not he would be tortured by or with the consent or acquiescence of the government in India. *See id*. at 740-41. We reject Singh's

contention that the BIA failed to analyze his claim properly.   *See Najmabadi v. Holder*, 597 F.3d 983, 990-91 (9th Cir. 2010) (the BIA adequately considered the evidence and sufficiently announced its decision).

**PETITION FOR REVIEW DENIED.**